IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

Bufford Wilson,

(Enter the full name of the plaintiff.)

v.

**CIV 17 - 1000 H E**

Case No. _____
(Court Clerk will insert case number)

(1) Oklahoma County,

(2) John Whetsel,

(3) P.D. Taylor

(Enter the full name of each defendant. Attach
additional sheets as necessary.)

Jury Trial Demand

**FILED**

SEP 15 2017

CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____KM_____,DEPUTY

## PRO SE PRISONER CIVIL RIGHTS COMPLAINT

### Initial Instructions

1.     You must type or legibly handwrite the Complaint, and you must answer all questions concisely and in the proper space. Where more space is needed to answer any question, you may attach a separate sheet.

2.     You must provide a full name for each defendant and describe where that defendant resides or can be located.

3.     You must send the original complaint and one copy to the Clerk of the District Court.

4.     You must pay an initial fee of $400 (including a $350 filing fee and a $50 administrative fee). The complaint will not be considered filed until the Clerk receives the $400 fee or you are granted permission to proceed *in forma pauperis*.

5.     If you cannot prepay the $400 fee, you may request permission to proceed *in forma pauperis* in accordance with the procedures set forth in the Court's form application to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915; Local Civil Rule 3.3.

- If the court grants your request, the $50 administrative fee will not be assessed and your total filing fee will be $350.

- You will be required to make an initial partial payment, which the court will calculate, and then prison officials will deduct the remaining balance from your prison accounts over time.

- These deductions will be made until the entire $350 filing fee is paid, **regardless of how the court decides your case.**

7.      The Court will review your complaint before deciding whether to authorize service of process on the defendants. *See* 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c)(1). If the Court grants such permission, the Clerk will send you the necessary instructions and forms.

8.      If you have been granted permission to proceed *in forma pauperis*, the United States Marshals Service will be authorized to serve the defendants based on information you provide. If you have not been granted permission to proceed *in forma pauperis*, you will be responsible for service of a separate summons and copy of the complaint on each defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure.


## COMPLAINT

**I.      Jurisdiction is asserted pursuant to:**

        _X_ 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a)(3) (NOTE: these provisions generally apply to state prisoners), or

        ___ *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971), and 28 U.S.C. § 1331 (NOTE: these provisions generally apply to federal prisoners)

        If you want to assert jurisdiction under different or additional statutes, list these below:

_____

_____

_____

**II.    State whether you are a:**

_____ Convicted and sentenced state prisoner

_____ Convicted and sentenced federal prisoner

X Pretrial detainee

_____ Immigration detainee

_____ Civilly committed detainee

_____ Other (please explain) _____

**III.    Previous Federal Civil Actions or Appeals**

List each civil action or appeal you have brought in a federal court while you were incarcerated or detained in any facility.

1.  Prior Civil Action/Appeal No. 1

   a.  Parties to previous lawsuit:

      Plaintiff(s): _____ *None* _____

      Defendant(s): _____

      _____

   b.  Court and docket number: _____

   c.  Approximate date of filing: _____

   d.  Issues raised: _____

      _____

      _____

   e.  Disposition (for example:  Did you win?  Was the case dismissed?  Was summary judgment entered against you?  Is the case still pending?  Did you appeal?): _____

      _____

   f.  Approximate date of disposition: _____

If there is more than one civil action or appeal, describe the additional civil actions or appeals using this same format on a separate sheet(s).

**IV.   Parties to Current Lawsuit**

State information about yourself and each person or company listed as a defendant in the caption (the heading) of this complaint.

1.   Plaintiff

Name and any aliases: _Bufford Wilson_

Address: _Oklahoma County Jail 201 N. Shartel Ave._
_Oklahoma City, Ok  73102_

Inmate No.: _____

2.   Defendant No. 1

Name and official position: _Oklahoma County Commissioners,_
_Willa Johnson, and Brian Maughan, Oklahoma County_
_Office Building, 320 Robert S. Kerr, Ste 101,_

Place of employment and/or residence: _Oklahoma City, Ok_

_73102_

How is this person sued?  ( ) official capacity, ( ) individual capacity, (X) both

3.   Defendant No. 2

Name and official position: _Former sheriff, John Whetsel_
_Oklahoma County Sheriff office, 201 N Shartel,_
_oklahoma City, Ok  73102_

Place of employment and/or residence: _____

_____

How is this person sued?  ( ) official capacity, ( ) individual capacity, (X) both

If there are more than two defendants, describe the additional defendants using this same format on a separate sheet(s).

4.

IV.    Parties To Current Lawsuit Continued.
4.     Defendant No. 3.
       Name and official Position: P.D. Taylor, Sheriff
       Oklahoma County, 201 N. Shartel Ave.
       Oklahoma City, Ok 73102. He is sued in his
       ☐ official capacity, ☐ individual Capacity,
       ☒ Both.

6.  *Do not include claims relating to your criminal conviction or to prison disciplinary proceedings that resulted in loss of good time credits.*

- If a ruling in your favor "would necessarily imply the invalidity" of a criminal conviction or prison disciplinary punishment affecting the time served, then you cannot make these claims in a civil rights complaint unless you have already had the conviction or prison disciplinary proceeding invalidated, for example through a habeas proceeding.

<u>Claims</u>

List the federal right(s) that you believe have been violated, and describe what happened. Each alleged violation of a federal right should be listed separately as its own claim.

1.  **Claim 1:**

    (1)   List the right that you believe was violated:

    Prolong exposure to Toxic Black Mold, in violation of the 8th and 14th Amendments to the U.S. Constitution.

    (2)   List the defendant(s) to this claim:  (If you have sued more than one defendant, specify each person or entity that is a defendant for this particular claim.)

    Oklahoma County Commissioners;
    John Whetsel;
    P. D. Taylor.

(3)   List the supporting facts:

*See Continuation page 9, paragraph 4.*

(4)   Relief requested:  (State briefly exactly what you want the court to do for you.)

*Compensatory and Punitive damages in an amount to be proven at the trial, all medical expenses relating to the mold, injunctive relief emergency orders, TRO's compelling Defendants to transfer Plaintiff, and all inmates to a healthy facility. Attorneys fees, cost of suit, and any other relief the court deems proper.*

2.   **Claim II:**

(1)   List the right that you believe was violated:

*Deprived of hot water (cold showers only) since 5/18/2017, in violation of the 8th and 14th Amendments to the U.S. Constitution.*

(2)   List the defendant(s) to this claim:  (If you have sued more than one defendant, specify each person or entity that is a defendant for this particular claim.)

*Oklahoma County Commissioners, P. D. Taylor.*

(3)    List the supporting facts:

_See Continuation Page 12, Paragraph II._

(4)    Relief requested: (State briefly exactly what you want the court to do for you.)

_Compensatory and Punitive damages in an amount to be Proven at the trial of this matter, injunctive relief emergency orders, TRO's compelling Defendants to provide inmate with hot water. Attorneys fees, Court cost, and any other relief the Court may deem proper._

If there are more than two claims that you wish to assert, describe the additional claims using this same format on a separate sheet(s).

## VI.    Declarations

I declare under penalty of perjury that the foregoing is true and correct.

_Bufford. T. Wilson_
Plaintiff's signature

_September 4, 2017_
Date

I further declare under penalty of perjury that I placed this complaint in the prison's legal mail system, with the correct postage attached, on the _4_ day of _September_, 20 _17_.

_Bufford. T. Wilson_
Plaintiff's signature

_September 4, 2017_
Date

8.

Continued From Page 7

Statement of case

1. This lawsuit is brought to seek redress for the injury Defendants willfully inflicted upon the Plaintiff and all similarly situated inmates with a specific intent to punish inmates resulting from the Defendants callous indifference to inmates U.S. constitional rights causing these inmates to sustain irreparable injury in the form of physical and mental pain, suffering, discomfort, and the intentional infliction of emotional distress and mental anguash.

2. In each issue, the Defendants breached their obligations, and was deliberately indifferent to Plaintiff causing the deprivation of rights under color of law, and irreparable injury to the Plaintiff, and all similarly situated inmates, which will be fully set forth herein.

3. The Defendants pursued a course of conduct knowing their conduct created a substantial risk of significant harm, and disregarded that risk causing irreparable injury to the Plaintiff and all similarly situated inmates, entitling them to an award of punitive damages, which will be set forth herein.

Claim 1, Supporting Facts

A. Toxic Black Mold. Plaintiff incorporates by reference paragraphs 1 through 3 above.

4 The Oklahoma County Detention Center "(Jail)," ventilation system, including inmate cells and shower

9.

areas are infested with Toxic Black Mold "(mold)", which causes serious health problems associated with mental impairment; breathing problems; damage to internal organs; and sometimes death.

5.    The mycotoxins from the mold can be breathed-in; ingested, or absorbed through a person's skin or eyes, which will eventually find its way into the person's blood. This leads to heart damage, and problems with blood clotting.

6.    The Plaintiff, like all similarly situated inmates, has been exposed to the mycotoxins since their arrest and booking date causing inmates to suffer various effects of mental impairment; breathing problems; damage to internal organs; and death to others.

7.    The jail has been infested with mold for many years. It did not pop-up overnight. It got there during Whetsel's watch.

8.    During all times relevant to the Mold Whetsel was the policy maker. He had an obligation to maintain the jail free of mold. He breached his obligations and was deliberately indifferent to Plaintiff and all similarly situated inmates, and willfully failed to maintain the jail free of mold, causing irreparable injury to Plaintiff and all similarly situated inmates, as described in paragraphs 1, and 2 above

10.

9.   Defendant Oklahoma County commissioners has a continuing obligation to supervise the operation of the jail, and take corrective action whenever necessary, which includes evaluating maintenance records. In spite of Whetsel's deliberate indifference, the Commissioners accepted inspection ledgers and maintenance records as is; although the mold is deeply rooted, and wide spread. The commissioners breached their obligations and was deliberately indifferent to the Plaintiff and willfully failed to maintain the jail free of Mold causing irreparable injury to the Plaintiff and all inmates, as described in paragraph 1 and 2 above.

10.   As a direct and proximate result of each of the Defendants deliberate indifference, as described above, The Plaintiff, and all similarly situated inmates, suffered the deprivation of rights under the color of law, and was made to suffer irreparable injury in the form of serious physical injury; pain; discomfort, both physical and mental suffering; and the intentional infliction of emotional distress and mental anguish.

11.

Claim 2, Supporting Facts
Continued From Page 8

B.    No Hot Water.  Plaintiff incorporates by reference paragraphs 1 through 10 above.

11.    On May 18, 2017 the Hot water to all inmate cells and showers was turned off.  Since that time, inmates are forced to take cold showers, and use cold water to brush their teeth causing intense pain.

12.    The Defendants utilize the deprivation of hot water (cold showers), and no cell lights as tools to inflict arbitrary punishment on Plaintiff and all inmates.  Today is August 29, 2017, its been over 100 days without hot water.

13.    Defendants received correspondence, and phone calls from interested persons attempting to have the hot water turned-on, and the cell lights fixed.  Moreover, the Plaintiff verbally spoke to jail personnel, and exhausted the jail's grievance procedure asking to have the hot water turned-on, to no avail.

14.    During all times relevant to the no hot water issue, Defendant Taylor was the jail's policy maker He had an obligation to ensure that the inmates have hot water on a daily basis.  Taylor breached his obligations, and was deliberately indifferent to the Plaintiff and all similarly situated inmates, and willfully failed to provide them with hot

12.

water causing irreparable injury to Plaintiff, and all similarly situated inmates, as described in paragraph 1 and 2 above.

15.   Defendant Oklahoma County Commissioners had first hand knowledge of Taylor's failure to have the jail's hot water turned on for inmate usage, and once again disregarded its obligations to have hot water restored to inmates. It adopted Taylor's policy of not providing hot water to inmates. The commissioners breached their obligations, and was deliberately indifferent to the Plaintiff and all similarly situated inmates, and willfully failed to have the hot water turned on causing irreparable injury to the Plaintiff, as described in paragraphs 1 and 2 above.

16.   As a direct and proximate result of each of the Defendants deliberate indifference, as set forth above, Plaintiff, and all similarly situated inmates, suffered to deprivation of rights under color of law, and was made to suffer irreparable injury in the form of physical pain each time they take cold showers; discomfort, both physical and mental suffering; and the intentional infliction of emotional distress and mental anguish.

Claim 3

I The Right That was Violated?

No Cell Lights since April 11, 2017 in violation of

13.

the 8th and 14th Amendments to the U.S.
Constitution.

   2. List The Defendants Names
Oklahoma County Commissioners;
Sheriff P. D. Taylor.

   3. List The Supporting Facts
See Continuation on this page Paragraph 17.

   4. Relief Requested
Compensatory and Punitive damages in an amount to
be proven at the trial of this matter. Injunctive
relief, emergency (TRO's), orders to compell
the Defendants to fix all cell lights; give this
case a class action certification; Attorneys fees;
cost of suit, and any futher relief the
Court deems just and proper.

C.   No Cell Lights. Plaintiff incorporates by
reference paragraphs 1 through 16 above.
17.   On April 11, 2017, the cell lights in Plaintiff's
cell went out, and the lights have not been repaired.
On that date, many cells did not have working lights,
and many more cells lost lights that day. Throughout
the jail, many cells do not have working lights.
Put another way, The Defendants are housing inmates

in cells without lights and hot water, including Showers.

18   The only light that enters these cells is through some thick glass blocks, which permits some dim sun light to enter these cells, however, it's very dim.

19   The Defendants had direct knowledge of the cells' lights not working (received Phone calls, and letters), together with exhaustion of the administrative grievance procedure.

20.   On the eighth floor, inmates are let out of their cells for maybe two days for 1.5 hours.

21   In order to read or write while confined in a cell without working lights, the Plaintiff and all similarly situated inmates, must strain their eyes to see.

22.   At all times relevant to the no lights issue, Defendant Taylor was the jail's policy maker. He was obligated to ensure that inmate cells used to house inmates have working lights. Taylor breached his obligations, and was deliberately indifferent to Plaintiff and all similarly situated inmates, and willfully failed to provide working cell lights causing irreparable injury to the Plaintiff, as described in paragraphs 1 and 2 above.

23.   Defendant Oklahoma County commissioners was obligated to have the cells lights repaired. Instead,

15.

the Commissioners adopted Taylor's policy of housing
inmates in cells without working lights and hot water.
They breached their obligations and was deliberately
indifferent to Plaintiff, as described above,
and willfully failed to provide working cell lights
causing irreparable injury to Plaintiff, and
all similarly situated inmates, as described in
paragraphs 1 and 2 above.

24.   As a direct and proximate result of each
of the Defendants deliberate indifference, as set
forth above, Plaintiff, and all similarly situated
inmates, suffered the deprivation of rights
under color of law, and was made to
suffer irreparable injury in the form of pain
from straining their eyes to see; discomfort,
physical and mental suffering, and the intentional
infliction of emotional distress and mental anguish.


Claim 4
    1. The Right that was violated?
The right not to be housed with three inmates
assigned to a cell designed for two inmates, it
violates the 8th and/or the 14th Amendments to the
U.S. Constitution.

16.

2. List The Defendant(s) Names.
Oklahoma County Commissioners;
John Whetsel;
P.D. Taylor.


3. List The Supporting facts.
see Continuation this page on paragraph 25 below.


4 Relief Requested.
Compensatory and Punitive damages in an amount to
be proven at the trial of this matter. Injunctive
relief; Emergency (TRO's), orders compelling the
Defendants to eliminate overcrowding and/or
transfer inmates to facilities that have remedies
available to deal with inmate overcrowding; Give
this 1983 action a class certification; Attorney
fees; court cost; and any other relief the
court deems just and proper.


Supporting Facts Continued.
D.    Tripple Celling. Plaintiff incorporates by
reference paragraphs 1 through 24 above.
25   Every jail cell designed for two inmates has
a third inmate assigned to the floor. Three
inmates to a cell creates a hostile environment-
there is little room to move around. It is a
very stressful environment with alot of tension,

17.

which creates much violence.

26    Many inmates are held on minor offenses,
others for unpaid traffic citations; many more
have excessively high bail bonds, some are
overcharged with bonds set so high they have
to set in an already overcrowded jail, which
the District Attorney's "(D.A.'s)" office should be
able to screne out in a few days instead of
spending several months attempting to coerce
the individuals into pleading guilty.

27.   The police do not have to arrest petty
offenders. Instead, police could issue citations
with a court date. The courts could/should set
reasonable bail bonds like most other jurisd-t-
jurisdictions do. Obviously, there are options
available to the Defendants to eliminate the jail's
overcrowding.

28.   During the time that Defendant Whetsel was
the sheriff, he was obligated to eliminate jail
overcrowding. He breached his obligations, and
was deliberately indifferent to the Plaintiff and
all similarly situated inmates. Whetsel willfully
failed to eliminate the jail's overcrowding causing
irreparable injury to the Plaintiff, and all similarly
situated inmates, as described in paragraphs 1
and 2 above.

29.   During the time Defendant Taylor was the sheriff, he was obligated to eliminate jail overcrowding. He breached his obligations, and was deliberately indifferent to Plaintiff, and all similarly situated inmates, as described above, and willfully failed to eliminate jail overcrowding causing irreparable injury to Plaintiff, and all similarly situated inmate, as described in paragraphs 1 and 2, above.

30.   At all times relevant to the triple Celling issue, Defendant Oklahoma County Commissioners was obligated to take corrective action to eliminate the jail's overcrowding. Instead, the commissioners adopted triple celling as standard policy. The Commissioners breached their obligations and was deliberately indifferent to Plaintiff, and all similarly situated inmates, as described above, causing irreparable injury, as described in paragraphs 1 and 2 above.

31.   As a direct and proximate result of each of the Defendants deliberate indifference, as set forth above, Plaintiff, and all similarly situated inmates, suffered the deprivation of rights under color of law, and was made to suffer irreparable injury in the form of physical and mental discomfort; suffering; and the intentional infliction of emotional distress and mental anguish.